IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRED DARRAN NATHAN, 01803857, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-CV-076-N |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the revocation of his deferred adjudication probation and resulting sixteen year prison sentence for aggravated assault. *State of Texas v. Fred Darron Nathan*, No. 33696 (13th Jud. Dist. Ct., Navarro County, Tex., Nov. 7, 2011).

On June 20, 2013, the Tenth Court of Appeals affirmed the revocation and sentence. *Nathan v. State*, No. 10-12-00432-CR (Tex. App. – Dallas, pet. ref'd). On September 11, 2013, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. PDR No. 0951-13.

On October 14, 2014, Petitioner filed a state petition for writ of habeas corpus. *Ex parte*

*Nathan*, No. 82,414-01. On December 17, 2014, the Court of Criminal Appeals denied the petition without written order.

On January 2, 2015, Petitioner filed the instant § 2254 petition. He argues:

1. The prosecutor and court clerk failed to serve him with pleadings during the state habeas proceedings;

2. The State failed to present any evidence that he was guilty of aggravated assault;

3. The State claimed his social security disability benefits were income that he could have used to pay his fines and fees even though the benefits were not income or assignable;

4. The State failed to present any evidence to support the probation officer's testimony;

5. The trial court erred by failing to inquire into his ability to work and earn income when he was placed on probation;

6. His probation was illegally revoked because the court considered his social security benefits as income, there was no evidence to support the probation officer's claims, and there was no opportunity to challenge the evidence;

7. He was denied the right to a speedy revocation hearing as required by state law;

8. The original order of deferred adjudication is void because it contained a deadly weapon finding and imposed a fine that was not probated;

9. The State failed to present any evidence of a "habit" of using drugs as required by the terms of his probation;

10. His probation was illegally revoked because he was never charged and convicted of tampering with evidence, the State failed to prove habit; the revocation allegations were improperly pleaded; and counsel rendered ineffective assistance;

11. His trial, appellate, and revocation counsel rendered ineffective assistance

by failing to:

    a.      object to the errors in the order of deferred adjudication;

    b.      argue that his social security benefits could not be used to pay the court fees and fines;

    c.      obtain a speedy revocation hearing;

    d.      call probation officer Zmolik;

    e.      object to the prosecution's violation of the husband-wife privilege;

    f.      investigate probation department policy for conducting tests and preserving evidence; and

    g.      effectively cross examine probation officer Bryan.

On May 18, 2015, Respondent filed her answer. On August 18, 2015, Petitioner filed a reply. The Court now finds the petition should be denied.

## II.  Discussion

**1.  Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.     State Habeas Claim**

Petitioner claims he did not timely receive a copy of the State's answer to his state habeas petition, and did not receive the state habeas court's findings of fact and conclusions of law. "[I]nfirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992) (same). Petitioner's claim should be denied.

**3.     No Evidence**

Petitioner states there was no evidence to revoke his deferred adjudication probation. The Court considers this claim an insufficiency of the evidence claim.

Federal habeas review of an insufficiency of the evidence claim is extremely limited. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319;

*Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

In this case, Petitioner's probation officer, Justin Bryan, testified that Petitioner violated the terms of his probation by testing positive for cocaine, attempting to tamper with a urine test, and failing to pay probation fees and court fines.

Officer Bryan testified that he observed Petitioner attempt to tamper with the urine test by using a condom that contained a liquid. (Rev. Hrg. at 21.) Bryan stated that Petitioner admitted to him that he attempted to tamper with the urine test. (*Id*. at 23-24.) Bryan stated Petitioner took two urine tests on May 11, 2012 and that both tests were positive for cocaine. (*Id*. at 11, 24.)

Petitioner disputed that he tried to tamper with the urine test, and he stated he did not use cocaine. (*Id*. at 69, 74.) Petitioner also testified he could not afford to pay court fines or probation fees. He stated he could not obtain employment because he was disabled.

The Court found the allegations that Petitioner tested positive for cocaine, tried to tamper with the urine test, and failed to pay courts fines and fees to be true. The court found the claim that Petitioner failed to obtain employment not true, due to Petitioner's disability.

Viewing the testimony in the light most favorable to the verdict, the Court finds Petitioner has failed to show the evidence was insufficient to support the revocation.

**4.     Fees and Fines**

Petitioner claims his probation was illegally revoked for failing to pay fines and probation fees because his social security disability payments could not be used to make these payments. Petitioner testified that he received disability payments and sometimes received financial help

from family and his church. (Rev. Hrg. at 77-78.) Petitioner did not dispute that at the time he was placed on probation, he agreed to pay the probation fees and fines. (*Id*. at 85-86.) He also did not dispute that he failed to pay the required fees and fines. (*Id*. at 86-87.) Additionally, the trial court revoked Petitioner's probation after finding that Petitioner violated four terms of his probation, including that he failed to avoid the use of narcotics, and failed to avoid injurious or vicious habits. Petitioner has failed to show his revocation was unlawful.

5.   **Cruel and Unusual Punishment**

Petitioner appears to argue that his sentence of sixteen years violated the Eighth Amendment's prohibition against cruel and unusual punishment. The Fifth Circuit has long held, however, that a sentence within the statutory limits is not cruel and unusual punishment. *United States v. McKinney,* 53 F.3d 664, 678 (5th Cir.1995) **(finding no violation of the Eight Amendment prohibition against cruel and unusual punishment where defendants were sentenced within the applicable guidelines range);** *Castle v. United States,* 399 F.2d 642, 652 (5th Cir.1968) **("The cases are legion that a sentence within the statutory limits is not cruel and unusual punishment.").**

**Petitioner was convicted of a second degree felony.** *See* **TEX. PENAL CODE ANN. § 22.02. Under Texas law, the punishment range for a second a degree felony is two to twenty years in prison.** *See id.* **at § 12.33. Petitioner's punishment did not exceed the statutory maximum punishment. Petitioner has failed to show he was subjected to cruel and unusual punishment.**

6.   **State Claims**

**Petitioner argues his revocation is void due to the State's failure to follow state law.**

First, he claims he was denied the right to a speedy trial revocation hearing because the hearing was not held within twenty days of the motion to revoke. He also claims the fine on his conviction was not probated which rendered his conviction void. Federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *see also*, *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (finding it is not the function of federal habeas courts to review the interpretation of state law by a state court). Petitioner's state law claims should therefore be denied.

7. **Habit**

Petitioner claims the State was required to prove that he had a "habit" of using drugs or tampering with urine tests because probation condition number two required that he avoid "injurious or vicious habits." Plaintiff's claim is without merit. Condition number two required that Petitioner "totally" avoid the use of narcotics. (Court Record at 5.) The court found that Petitioner used cocaine. Petitioner's claim should be denied.

8. **Indictment**

Petitioner claims that to revoke his probation, the court was required to indict him and prove beyond a reasonable doubt that he tampered with the urine test. This claim is frivolous. The standard of proof for a motion to revoke probation is the preponderance of the evidence standard. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Petitioner's claim should be denied.

9. **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of

ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his counsel was ineffective because counsel failed to call probation officer Zmolik as a witness. Petitioner claims Zmolik told probation officer Bryan that Petitioner's urine test was negative for drugs. Petitioner, however, has submitted no evidence that Zmolik would have testified that Petitioner tested negative for drugs. As the Fifth Circuit has stated, "hypothetical or theoretical testimony will not justify the issuance of a writ . . . ." *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986). Petitioner's claim

should be denied.

Petitioner claims his counsel was ineffective for failing to object to the testimony of his wife, Sophia Nathan, on the basis of spousal privilege. Sophia Nathan testified on direct-examination for the defense. On cross-examination the prosecutor asked Ms. Nathan whether she told probation officer Bryan that Petitioner had obtained urine from a person named "Mike," and that Petitioner intended to use Mike's urine for the urine test. (Rev. Hrg. at 94.) Ms. Nathan denied making these statements, and the prosecutor did not ask her any other questions. (*Id*. at 95.) Ms. Nathan therefore did not make any incriminating statements against Petitioner. Petitioner has failed to establish ineffective assistance of counsel.

Petitioner claims his counsel was ineffective when counsel failed to investigate the probation department's record keeping and drug testing policies so that counsel could effectively cross-examine probation officer Bryan. The record shows, however, that Bryan testified he conducted Petitioner's urine tests and that Petitioner tested positive twice for cocaine. Bryan also testified that he saw Petitioner use a condom to attempt to tamper with the urine test, and that Petitioner admitted that the condom was his. Although Petitioner dispute's Bryan's testimony and alleges the tests were not performed properly, the trial court determined the credibility of the witnesses, and found Bryan's testimony to be credible. Petitioner has failed to show there is a reasonable likelihood that further investigation of the probation procedures would have altered the outcome of the revocation. Petitioner's claim should be denied.

Petitioner claims his counsel was ineffective for failing to argue that the social

security laws prevented him from paying his fines and probation costs out of his disability checks. To support his claim, Petitioner cites 42 U.S.C. § 407, which states that social security payments are not subject to garnishment or attachment, except under the Internal Revenue Code. In this case, however, Petitioner's disability payments were not garnished. It is undisputed that Petitioner agreed to pay the fines and probation costs as a condition of probation. (Rev. Hrg. at 85-86; Court Record at 5-6.) Petitioner also testified that he never told the probation office that he was unable to pay the court fines or probations costs, or that he wanted to change the schedule of payments. (Rev. Hrg. at 86.) Petitioner also testified that he received his social security disability money on a debit card, and that he could withdraw cash using the debit card. (*Id*. at 78.) Petitioner has failed to show his counsel was ineffective. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating counsel is not required to make frivolous objections).

Petitioner claims his counsel was ineffective for failing to object that the revocation was held more than twenty days after he was arrested for violating the terms of his probation. Under Texas Code of Criminal Procedure 42.12, sec. 21(b-2), a defendant who is not released on bail may file a motion for a revocation hearing and the court shall schedule the hearing within twenty days of the defendant's motion. Petitioner has not stated whether he filed a motion for hearing, or the date he filed any such motion. Petitioner was also released on bond while awaiting his revocation hearing. The twenty day time period does not apply where the defendant is released on bond. TEX. CODE CRIM. P. 42.12, sec. 21(b-2). Petitioner's claim should be denied.

Petitioner claims his counsel was ineffective for failing to challenged the unprobated

**$500 fine and the deadly weapon finding. These claims relate to Petitioner's 2011 placement on deferred adjudication probation and are barred by the statute of limitations.**

**Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition.** *See Lindh v. Murphy*, **521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.** *See* **Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).**

**In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]**

**On November 17, 2011, the trial court placed Petitioner on deferred adjudication**

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -11-

probation. Petitioner did not file an appeal. His conviction therefore became final thirty days later on December 17, 2011. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until December 17, 2012, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On October 14, 2014, Petitioner filed his first state habeas petition. This petition did not toll the limitations period because it was filed after the limitations period expired.

Petitioner was required to file these claims by December 17, 2012. He did not file the claims until January 2, 2015. The claims are untimely, and Petitioner has failed to show that he is entitled to equitable tolling. The claims should therefore be denied.

10. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### III. Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 15th day of September, 2016.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* **28 U.S.C. § 636(b)(1); F**ED**. R. C**IV**. P. 72(b).**  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).